Chief Justice Robertson,
delivered the opinion of the court.
Tins is an action of detinue hy McGowan vs. Hoy. This court reversed a judgment which Hoy had obtained on a former trial, against McGowan, and remanded the case for another trial; see V Litt. Rep. 239.
After the return of the cause to the circuit court, Hoy pleaded that since the first trial in the circuit court, he bad obtained a decree ibr the sale of the slave in controversy, in a suit in chancery in which he was complainant and McGowan and others were defendants, and that under that decree,,the slave was sold, and purchased by himself. The circuit court having overruled a demurrer to this plea, and McGowan having refused to reply, judgment was rendered in favor of Hoy; to reverse which, McGowan has prosecuted this writ of error.
The plea was not iiled too late, if the matter contained in it be sufficient to bar the action.
Plea “post ultimam con-tinualionemn should show that the matter relied on occurred since the last continuance. But a demurrer to it, though no such averment, will not be sustained.
Omission to verify, by oath, a plea puis darrein continuance, cannot be taken advantage of on demurrer.
For, as it alleges that the decree and sale under it? occurred after the first trial, it was not in the power of Hoy to plead these facts until after the suit was remanded to the circuit court, and the plea does not question any of the principles of the opinion of this court: as a plea “pais darrein continuance,” it was admissible; see Rust vs. Larue IV Litt. Rep. 411.
Regularly, after issue, a plea “post ultimam continua-tionem," should show that the matter, on which it relies, occurred since the last continuance; the court may admit it, however, although it contains no such averment, and will not sustain a demurrer to it, merely because it does not show that no term had intervened since the matter pleaded, had occurred. In such a case, the proper course for the plaintiff in the action, is to object to the filing of the plea; and if then, the defendant cannot show that the matter occurred since the last continuance, the court may permit the plea to be filed “nunc pro tunc" on payment of costs; 1 Chitty’s pleadings, 637, II Johnson’s Rep. 224, IX Ibid, 250-55, X Ibid, 161, I Strange, 493.
Nor can an omission to verify the plea by affidavit, be taken advantage of on demurrer to it. The demurrer admits the truth of the plea, and therefore, dispenses with a verification of it. It is even not always indispensable that a plea “puis darrein continuance" should be verified by affidavit, Such plea may be received by the court in its discretion, if ituperceive any verity in it-" Hawkins vs. Moore, Cro. Ch. 261.
But there is a radical defeat in the plea, and which must be fatal to it. It is pleaded in bar of the whole cause of action, but does not contain facts which, admitting them to be true, would necessarily bar the entire cause of suit.
The plea avers that the slave was sold to satisfy a debt. This is not only consistent with the title of the piaintiii in error at the time he brought this suit, but is a virtual admission of such right. The sale oí the slave and purchase of her by the defendant, could not divest the plaintiff of his right to his costs, and to a judgment for damages for detention prior to the sale, were it admitted that they might bar a reccovery of the slave. The plea does not allege, that it was ascertained and decided by the decree, that the right of the *225 'defendant, was better than that of the plaintiff; nor -does it aver that the decree was regular and effectual; .or that the sale was conformable to it, and therefore valid.
Plea darrcincon-tirmmce i1?”1!1 ought not fur-tiun his a'c-"' tier.,” not plain'tiffacft'o non’> °*
Crittenden, for plaintiff.
There is a minor and more technical objection to the plea which should not be permitted,as there may be a re-pleader. It is -ratio non,55 when it should be that the plaintiff should not further p 'osecutc his suit; I Chi tty, 532, Ibid, 635, II Ibid, 421, Sel N. P. 147.
If the decree and sale will be.sufficient to bar the re'covery of theslivc, they should be pleaded, not (as they have been) in bar of the whole .cause of action, but only in bar of the right to the slave. Here lies the radical defect in the plea. If all its allegations be admitted to be true, the whole cause of action is not destroyed.
Whereupon, the judgment of the circuit court is reversed, and the cause remanded with instructions to .rentier judgment for the plaintiff on the demurrer, and to give leave to the defendant, if he as,k it, to file another •plea.